UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DIETRA LYNN GREENE,**

　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No: 5:22-cv-33-PRL

**COMMISSIONER OF SOCIAL
SECURITY,**

　　Defendant.
_____

**ORDER**

Plaintiff appeals the administrative decision denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is due to be **AFFIRMED.**

**I.　Background**

For the sake of convenience, the administrative history, which is not in dispute, is copied from Plaintiff's brief:

> Plaintiff, Dietra Lynne Greene ("Ms. Greene"), filed her application for Social Security Disability Insurance Benefits ("SSD") on May 14, 2019. (Tr. 180-186). Ms. Greene's disability began on January 12, 2019, due to fibromyalgia, Systemic Lupus Erythematosus ("SLE"), Stage 4 cervical cancer, asthma, anxiety, and depression. (Tr. 180, 252).
>
> Ms. Greene's SSD claim was initially denied on August 13, 2019, and upon reconsideration on November 20, 2019. (Tr. 105-108, 117-129). Ms. Greene subsequently requested a hearing, which was held on September 30, 2020, before Administrative Law Judge ("ALJ") Emily R. Statum. (Tr. 36, 133-147). At this hearing, testimony was heard from Ms. Greene, and Kathleen H. Robbins, a vocational expert ("VE"). (Tr. 37, 40-66).

> Following the hearing, ALJ Statum issued an unfavorable decision on December 29, 2020, finding that Ms. Greene was not disabled. (Tr. 14-35). Ms. Greene requested review of ALJ Statum's decision on January 15, 2021, which the Appeals Council denied on August 12, 2021. (Tr. 1-6, 176-179). Accordingly, ALJ Statum's decision became the Commissioner's final decision.

(Doc. 21 at 1-2).[1]

Plaintiff was 51 years old on the date of the ALJ's decision. (Tr. 29, 67). Plaintiff has past work experience as a cleaner supervisor, housekeeper, hotel reservation clerk, and car dealership service advisor. (Tr. 27). Based on a review of the record, the ALJ found that Plaintiff had the severe impairments of asthma, fibromyalgia, systematic lupus erythematosus, obesity, Sjogren's syndrome, undifferentiated connective tissue disease, depression, and anxiety. (Tr. 20).

The ALJ found that the Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> with occasional crouching, occasional exposure to fumes, odors, dusts, gases or poor ventilations, and occasional exposure to hazards such as machinery or heights, and performing simple and routine work with occasional contact with coworkers or general public.

(Tr. 22).

Based upon the RFC, and considering the testimony of the vocational expert, the ALJ found that Plaintiff was capable of performing jobs that exist in significant numbers in the

---

[1] For claims filed on or after March 27, 2017, the Social Security Administration has issued new revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions.").

national economy, such as the positions of retail marker, routing clerk, and office helper. (Tr. 28). Consequently, the ALJ found that Plaintiff was not disabled from January 12, 2019, through the date of decision. (Tr. 29).

## II.     Standard of Review

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389,

401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.  Discussion

Plaintiff raises two issues on appeal: (1) whether the ALJ erred in considering the opinions of her treating physician; and (2) whether the ALJ erred in considering Plaintiff's symptoms.

*1.  The ALJ's consideration of the opinion of Dr. Barba.*

Plaintiff first argues that the ALJ erred by failing to properly consider an opinion offered by Luis Barba, M.D., one of Plaintiff's treating physicians. The opinion is contained on a Physician Medical Source Statement Form dated August 24, 2020. (Tr. 597). Dr. Barba noted Plaintiff's diagnoses of fibromyalgia, lupus, and ankylosing spondylitis. (Tr. 597). Dr. Barba opined that Plaintiff could sit for no more than 15 minutes at a time before needing to get up, that she could not stand for more than 15 minutes at a time before needing to sit down or walk around, that she could not sit or stand for more than two hours in an 8-hour working day, that she would require a job that permits her to shift positions at will and would allow for periods of walking for 10 minutes every 20 minutes. (Tr. 597). Dr. Barba also opined that Plaintiff would require unscheduled breaks, could not lift more than 20 pounds, and could rarely lift 10 pounds. (Tr. 597). Dr. Barba further opined that Plaintiff's symptoms result in

her being off task 25% of a typical workday, and that she would be absent from work about four days per month. (Tr. 598-599).

Plaintiff argues that if Dr. Barba's opinion were credited, it would preclude Plaintiff from all employment. Plaintiff contends that her RFC should include all the restrictions opined by Dr. Barba, and the ALJ erred by not accounting for them. Plaintiff further argues that the ALJ's justification for finding the opinions not persuasive was inadequate. Plaintiff contends that due to Plaintiff's fibromyalgia, reliance on the absence of objective findings is not a sufficient basis for discounting a treating physician's opinion, citing *Velazquez v. Comm'r of Soc. Sec.*, Case No. 3:18-cv-934-J-POB, 2019 WL 4594593 (M.D. Fla. Sept. 23, 2019).

As a preliminary matter, Plaintiff acknowledges that her claim is subject to a new regulatory framework for evaluating medical opinions. For claims filed on or after March 27, 2017, the Social Security Administration has issued new revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions."). In this case, Plaintiff filed her application in 2019, thus the new rules apply to her claim.

The new regulations impact agency policy in several important respects and contain several significant changes to prior medical evidence rules. *See* 81 Fed. Reg. at 62,560. To begin, the revised regulations redefine how evidence is categorized. Under the revised regulations, there are five categories of evidence: (1) objective medical evidence; (2) medical

opinions; (3) other medical evidence, (4) evidence from nonmedical sources; and (5) prior administrative medical findings. See 20 C.F.R. § 416.913(a)(2017).

Second, the definition of "medical opinion" has been considerably revised. For claims filed by adults on or after March 27, 2017, the regulations provide:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .
>
> Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co- workers, or work pressures in a work setting;
>
> Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 416.913(a)(2) (2017).

Third, for claims filed on or after March 27, 2017, the regulations change how the agency considers medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 416.920c (2017). Notably, the regulations no longer use the term "treating source," but refer to "your medical source(s)." 20 C.F.R. § 416.920c (2017). The Commissioner intentionally chose not to retain the "treating source rule" that previously required deference to treating source opinion evidence. *See* 82 Fed. Reg. at 5883. Rather, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or

prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id.* § 416.920c(c)(1)-(5).

Here, Defendant contends that the ALJ properly considered Dr. Barba's opinion in view of the relevant factors, including supportability and consistency. The ALJ expressly noted how the opinion was inconsistent with the medical record and unsupported. For example, the ALJ compared Dr. Barba's opinion to the findings of the consultative examiner who specifically found that Plaintiff was able to lift, carry and handle light objects, and was able to perform fine motor skills. (Tr. 538, 599). The consultative examiner also found that Plaintiff had a normal range of motion of the lumbar spine, shoulders, wrist, hands, fingers, hips, knees and ankles. (Tr. 538, 540). Further, the ALJ specifically noted that the medical record reflected generally unremarkable findings on physical examinations. (Tr. 26). The ALJ also observed that, while Dr. Barba found Plaintiff to have significant limitations lifting, his own treatment notes repeatedly indicated Plaintiff had full strength. (Tr. 26, 420, 422-23, 425, 427, 429, 431, 433, 435, 437, 510, 528-29, 532). Particularly noteworthy are the September 25, 2019, findings of Dr. Torralba, who conducted a comprehensive physical examination and consistently found Plaintiff to have a full and painless range of motion in most areas and normal gait and station. (Tr. 520-522).

Indeed, Plaintiff mischaracterizes the ALJ as discounting Dr. Barba's opinion because it primarily relied on subjective complaints. To the contrary, the ALJ relied first on the

medical record, including the consultative examiner's report and Dr. Barba's own treatment notes. Regardless, it was appropriate for the ALJ to consider the subjective nature of Plaintiff's complaints as part of the analysis of Dr. Barba's opinion. *See Coley v. Comm'r of Soc. Sec.*, 771 F. App'x 913, 918-19 (11th Cir. 2019).

The record reflects that the ALJ properly considered Dr. Barba's opinion in light of the relevant factors, including supportability and consistency. Under the revised regulations, the ALJ was not required to give deference to the opinion. *See Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) ("This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion."). Further, substantial evidence supports the ALJ's decision to give greater credit to the opinion of the consultative examiner and the largely unremarkable findings in the treatment notes. Accordingly, the ALJ did not err in considering the opinion of Dr. Barba.

### 2. The ALJ's consideration of Plaintiff's symptoms.

Next, Plaintiff argues that the ALJ failed to apply the proper legal standards to Plaintiff's testimony regarding her subjective symptoms and complaints. Plaintiff contends that the ALJ failed examine some of the relevant factors listed in 20 C.F.R. § 404.1529(c)(3)(i-vii) when evaluating Plaintiff's testimony regarding her pain and limitations.

When a claimant alleges he or she has disabling subjective symptoms, the ALJ must determine whether the claimant has a condition that could reasonably be expected to cause the symptoms. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). If the ALJ determines the claimant has such a condition, the ALJ will evaluate the alleged symptoms' intensity and persistence and how they limit the claimant's ability to work. *Id*. The ALJ will consider the claimant's

testimony regarding his or her symptoms, including any inconsistencies between the testimony and the other evidence. 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4). An ALJ may reject a claimant's testimony of disabling symptoms as not credible if he provides "explicit and adequate reasons." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

In this case, the ALJ explicitly discussed Plaintiff's allegations regarding the severity of her symptoms and found her alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (Tr. 25). This finding is indeed supported by substantial evidence, including the objective medical evidence as a whole and evidence of relatively normal examination findings, as cited above, as well as the consultative examination. (Tr. 597-599). The ALJ's finding is further supported Plaintiff's activities of daily living, which included part time work. (Tr. 27). Indeed, at the time of the hearing, Plaintiff testified that she had been regularly working 20 hours per week in sales, customer service, and reservations. (Tr. 41). Although the ALJ found the work did not rise to the level of substantial gainful activity, the ALJ properly considered the part time work as part of her activities of daily living and when assessing Plaintiff's credibility and subjective complaints. *See Squires v. Astrue*, No. 8:09-CV-2205-T-MAP, 2011 WL 13186525, at *2 (M.D. Fla. Jan. 7, 2011), *aff'd sub nom. Squires v. Soc. Sec. Admin., Com'r*, 441 F. App'x 659 (11th Cir. 2011) (noting that ALJ properly considered claimant's part time work as a janitor when assessing credibility and subjective complaints.).

As Defendant points out, the ALJ did not simply reject Plaintiff's complaints based on lack of objective medical evidence. To the contrary, the ALJ relied on objective medical

evidence that contradicted Plaintiff's allegations by demonstrating that she was not as limited as alleged. And, while the ALJ expressly discussed the relevant evidence and many of the relevant factors from 20 C.F.R. § 404.1529(c)(3)(i-vii), expressly discussing each of the factors is not necessary. *See Parker v. Colvin*, No. 8:12-CV-1919-T-24, 2013 WL 3209443, at *11 (M.D. Fla. June 24, 2013) (observing "there is no reason to require a law judge to discuss each of the § 404.1529(c)(3) factors in his decision.").

The Court agrees that the ALJ had explicit and adequate reasons to reject Plaintiff's allegations regarding her symptoms and limitations. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The ALJ's decision should be affirmed because substantial evidence supports the ALJ's evaluation of Plaintiff's condition and the determination regarding her subjective complaints. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

### IV. Conclusion

For the reasons stated above, the ALJ'S decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on March 24, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

- 11 -

Unrepresented Parties